E-FILED
Thursday, 09 December, 2004  03:19:53 PM
Clerk, U.S. District Court, ILCD

```
                IN THE UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF ILLINOIS
                          PEORIA DIVISION

DAVID L. HAYNES, Trust Officer     )
of the MIDAMERICA NATIONAL BANK,   )
as guardian of the estate of       )
S.M.T., a minor,                   )
                                   )
               Plaintiff,          )
                                   )
       vs.                         )    Case Number _____
                                   )
CORPORATION OF THE PRESIDING       )
BISHOP OF THE CHURCH OF JESUS      )
CHRIST OF LATTER-DAY SAINTS, a     )
foreign not-for-profit             )    JURY TRIAL DEMANDED
corporation,                       )
                                   )
               Defendant.          )
```

**COMPLAINT**

Comes now the Plaintiff, DAVID L. HAYNES, Trust Officer of the MIDAMERICA NATIONAL BANK, as guardian of the estate of S.M.T., a minor, by and through his attorney, Ralph D. Davis, of THE JANSSEN LAW CENTER, and complaining of Defendant, CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign not-for-profit corporation, states and alleges as follows:

**I.   THE PARTIES**

1.   Plaintiff, DAVID L. HAYNES, Trust Officer of the MIDAMERICA NATIONAL BANK, is a United States citizen, residing in

1

Canton, Illinois, Fulton County. HAYNES has been issued his letters of office to be guardian of the estate of S.M.T..

2. S.M.T., a minor, is a United States citizen who resides in Illinois, Fulton County.

3. Defendant, CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, is a Utah not-for-profit corporation whose Registered Agent is Illinois Corporation Service Corporation, 801 Adlai Stevenson Drive, Springfield, IL 62703-4261, Sangamon County.

## II.   JURISDICTION/VENUE

4. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of costs and interest, and diversity jurisdiction exists pursuant to 28 U.S.C. §1332.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1391 in that the transaction or occurrence from which this claim arises happened in Hancock County, Illinois.

6. Upon information and belief, Defendant CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS [hereinafter "CHURCH"] committed a tortious act within Illinois causing injury to S.M.T.. CHURCH regularly conducts business in Illinois and derives substantial revenues from collection of funds in Illinois from persons

who affiliate themselves with the CHURCH.

### III. FACTUAL BACKGROUND

7. The occurrence herein complained of happened on or about December 13, 2002.

8. The occurrence herein complained of happened at or near 1205 Knight Street, Nauvoo, Illinois, Hancock County.

9. At the aforementioned time, Defendant CHURCH owned and operated a Temple of worship near the aforementioned place.

10. At the aforementioned time, Cheryl Thomas resided at the aforementioned place with her husband, Mark Thomas.

11. At the aforementioned time, both Cheryl Thomas and Mark Thomas held the status of "Temple Recommmend" within the CHURCH.

12. Defendant Church requests persons holding the status of "Temple Recommend" within the CHURCH to perform volunteer services for the CHURCH.

13. Among the various requirements of the "Temple Recommend" status is that one must be an adult in the eyes of the CHURCH, thereby barring children from Temple services except for Baptisms for the dead.

14. At the aforementioned time, Cheryl Thomas satisfied her volunteer service request by the CHURCH by providing child

care for children of "Temple Recommend" visitors to the aforementioned Temple of the CHURCH.

15. During Temple services, children of out-of-town "Temple Recommend" parents are placed in the custody of persons such as Cheryl Thomas for child care.

16. At the aforementioned time, the Nauvoo Bishop of the CHURCH, acting in furtherance of CHURCH's enterprise, had prepared a list of approved child care givers for children of "Temple Recommend" attendees at the Nauvoo Temple.

17. At the aforementioned time, Cheryl Thomas was on said prepared list of approved child care givers.

18. At the aforementioned time, S.M.T.'s parents held the status "Temple Recommend" within the CHURCH.

19. At the aforementioned time and place, S.M.T.'s parents placed her in the care of Cheryl Thomas whose selection was based upon the approved list prepared by the Nauvoo Bishop of the CHURCH.

20. At the aforementioned time, S.M.T. was four years old.

21. At the aforementioned time, Mark Thomas was a registered sex offender in Illinois for crimes of predatory sexual assault of persons under the age of 18.

22. Prior to the aforementioned time, Mark Thomas while serving

     in the United States Army in Germany was found guilty of various actions of predatory sexual assault including but not limited to sodomy of a seven year old girl.

23. Mark Thomas was sentenced to eight years of confinement at Fort Leavenworth, Kansas.

24. Defendant CHURCH had knowledge of Mark Thomas's prior criminal acts of sexual predation because Defendant CHURCH excommunicated Mark Thomas on the basis of his Court Martial.

25. Defendant CHURCH had prior knowledge that Mark Thomas was married to Cheryl Thomas because Defendant CHURCH married them.

26. Defendant CHURCH reinstated Mark Thomas's status within the CHURCH prior to the aforementioned time but after the aforementioned excommunication.

27. At the aforementioned time and place, Mark Thomas there and then sexually assaulted minor S.M.T..

28. S.M.T. did not report the incident to her parents.

29. S.M.T. later complained of urinary problems.

30. On February 13, 2003, S.M.T. was taken to Graham Hospital complaining of urinary problems.

31. On February 13, 2003, physicians attending to S.M.T.

discovered that she did not have urinary problems but rather had contracted genital herpes, a condition transmitted principally by sexual contact.

32. Physicians at Graham Hospital alerted the Canton Police and the Illinois Department of Children and Family Services.

33. The investigation performed by personnel of the Illinois Department of Children and Family Services uncovered that Mark Thomas had sexually assaulted S.M.T..

### III. CAUSES OF ACTION

### COUNT I - NEGLIGENCE

34. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein at length and further alleges:

34. At all times relevant, Defendant CHURCH had a duty to exercise reasonable care.

35. Defendant CHURCH breached this duty when it approved Cheryl Thomas as a child care giver in her home where there resided a registered sexual predator who could reasonably be expected to be at his own dwelling when visiting children were present.

36. Notwithstanding the approval in paragraph 35, Defendant CHURCH breached its duty of reasonable care when it failed

to warn the parents of S.M.T. that Mark Thomas's status as a registered sexual predator presented a possible risk to S.M.T. if S.M.T. were left in the care of Cheryl Thomas.

37. As a direct and proximate result of the negligent acts and/or omission of Defendant CHURCH, S.M.T. suffered physical injury, contracted a lifelong incurable condition, has incurred and will continue to incur into the future costs for medical care for the lifelong incurable condition, suffered mental anguish that has required counseling and will require counseling into the future, will be deprived of a normal life with respect to her adult social and sexual relations and was otherwise disabled.

WHEREFORE, Plaintiff prays for judgment in his favor, costs, and any other remedy that is fair and just.

## COUNT II - FAMILY EXPENSE ACT

38. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein at length and further alleges:

39. Plaintiff, DAVID L. HAYNES, Trust Officer of the MIDAMERICA NATIONAL BANK, as guardian of the estate of S.M.T., a minor, stands in the position of a parent with respect to the property of the estate of S.M.T. and asserts a parent's

rights under the Family Expense Act.

40. At the time of the aforesaid acts and/or omissions, there was in full force and effect 75 ILCS 65/15, commonly known as the Family Expense Act which in relevant part provides:

> "The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefore, and in relation thereto they may be sued jointly or separately."

WHEREFORE, Plaintiff prays judgment against Defendant CHURCH, costs and any other remedy that is fair and just.

### COUNT III - WILLFUL AND WANTON, RECKLESS DISREGARD

41. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein at length, and further alleges:

42. Defendant CHURCH acted with full knowledge of the known hazard of placing children in harm's way of a sexual predator in Cheryl Thomas's household.

43. Recklessly disregarding its knowledge of the hazards presented by the sexual predator Mark Thomas, Defendant CHURCH willfully and wantonly placed S.M.T. in harm's way by affirmatively approving Cheryl Thomas as a child care giver for children of out-of-town visitors to its Temple.

44. As a direct and proximate result of Defendant CHURCH's

reckless disregard of the known hazard presented by Mark Thomas, S.M.T. suffered physical injury, contracted a lifelong incurable condition, has incurred and will continue to incur into the future costs for medical care for the lifelong incurable condition, suffered mental anguish that has required counseling and will require counseling into the future, will be deprived of a normal life with respect to her adult social and sexual relations and was otherwise disabled.

WHEREFORE, Plaintiff prays judgment against Defendant Church, costs, and any other remedy that is fair and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all triable issues.

        Plaintiff, DAVID L. HAYNES,
        Trust Officer of the
        MIDAMERICA NATIONAL BANK, as
        guardian of the estate of
        S.M.T., a minor,

        By: s/Ralph D. Davis

Ralph D. Davis
JANSSEN LAW CENTER
333 Main Street
Peoria, IL 61602
309-676-2341 (phone)
309-676-7678 (fax)