IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DAVID L. HAYNES, Trust Officer of the MIDAMERICA NATIONAL BANK, as guardian of the estate of S.M.T., a minor, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 04-1420 |
| vs. | ) ) ) | |
| CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a foreign not-for-profit corporation, | ) ) ) | |
| Defendant. | | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

NOW COMES the Defendant, CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation Sole, by and through its attorneys, HINSHAW & CULBERTSON LLP, and in response to Plaintiff's Amended Complaint states:

**I. THE PARTIES**

1. The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegations and therefore, demands strict proof thereof.

2. The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegations and therefore, demands strict proof thereof.

3. Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints is a Utah corporation sole. The agent for service of process is correct.

## II.  JURISDICTION/VENUE

4. The Defendant admits that it is a Utah corporation sole.  The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the remaining allegations of Paragraph 4 and therefore, demands strict proof thereof.

5. The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegations of Paragraph 5 and therefore, demands strict proof thereof.

6. The Defendant denies it committed any tortious act within the State of Illinois causing injury to S.M.T. or anyone else.  The Defendant admits that it conducts not-for-profit operations in Illinois.

## III.  FACTUAL BACKGROUND

7. The Defendant denies all acts of negligence or any other tortious conduct and therefore, denies all of the allegations of Paragraph 7.

8. The Defendant denies all acts of negligence or any other tortious conduct and therefore, denies all of the allegations of Paragraph 8.

9. The Defendant is not The Church of Jesus Christ of Latter-day Saints.  A Temple of The Church of Jesus Christ of Latter-day Saints exists near the alleged home of Mark and Cheryl Thomas, and it was in operation on December 13, 2002.

10. No time is specified with respect to Paragraph 10.  Upon information and belief Cheryl Thomas and her spouse Mark Thomas resided together.

11. The allegations of Paragraph 11 are correct.

12. All members of the Church, not just those holding a temple recommend, are encouraged to perform volunteer services.  All other inferences of Paragraph 12 are denied.

13. The allegations of Paragraph 13 are incorrect as stated and therefore denied.

14. From time to time Cheryl Thomas provided some volunteer child care assistant services, but only on Church premises for children who were at the Temple for ordinance work. Any child care she might have performed for other Temple visitors was not connected to or arranged in anyway by the Defendant.

15. The allegations of Paragraph 15 are incorrect as stated and therefore denied.

16. The allegations of Paragraph 16 are incorrect as stated and therefore denied.

17. The allegations of Paragraph 17 are incorrect as stated and therefore denied.

18. The allegations of Paragraph 18 are correct.

19. The allegations of Paragraph 19 are denied.

20. The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegation of Paragraph 20 and therefore, demands strict proof thereof.

21. Upon information and belief, the allegations of Paragraph 21 are correct.

22. The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegations of Paragraph 22 and therefore, demands strict proof thereof.

23. The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegations of Paragraph 23 and therefore, demands strict proof thereof.

24. The allegations of Paragraph 24 are incorrect as stated and therefore denied.

25. The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegations of Paragraph 25 and therefore, demands strict proof thereof.

26. No specific time is mentioned and therefore, the allegations of Paragraph 26 cannot be admitted or denied. The Defendant states that Mark Thomas was reinstated into the Church after his excommunication.

80189601v1 849750

27. The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegations of Paragraph 27 and therefore, denies the same and demands strict proof thereof.

28. The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegations of Paragraph 28 and therefore, denies the same and demands strict proof thereof.

29. The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegations of Paragraph 29 and therefore, denies the same and demands strict proof thereof.

30. The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegations of Paragraph 30 and therefore, denies the same and demands strict proof thereof.

31. The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegations of Paragraph 31 and therefore, denies the same and demands strict proof thereof.

32. The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegations of Paragraph 32 and therefore, denies the same and demands strict proof thereof.

33. The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegations of Paragraph 33 and therefore, denies the same and demands strict proof thereof.

## III.  CAUSES OF ACTION

### COUNT I - NEGLIGENCE

34.  No allegations are contained in this paragraph of the Complaint and therefore no response is required.  Defendant incorporates by reference its response to all other paragraphs of this Answer as if fully set forth herein.

35.  (Incorrectly numbered as Paragraph 34).  The applicable duty, if any, owed by this Defendant is a question of law to be answered by the Court and will be determined from the facts and evidence presented to the Court and therefore, the allegations of Paragraph 34 cannot be answered at this time.

36.  (Incorrectly numbered as Paragraph 35).  The allegations of Paragraph 35 are denied, each of them.

37.  (Incorrectly numbered as Paragraph 36).  The allegations of Paragraph 36 are denied, each of them.

38.  (Incorrectly numbered as Paragraph 37).  The allegations of Paragraph 37 are denied, each of them.

WHEREFORE, the Defendant, CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation Sole, denies that the Plaintiff is entitled to a judgment in its favor.

### COUNT II—FAMILY EXPENSE ACT

39.  (Incorrectly numbered as paragraph 38).  No allegations are made in Paragraph 38 and therefore, no answer is made thereto.  This Defendant incorporates by reference its responses contained in all other paragraphs of this Answer as if fully set forth herein.

40. (Incorrectly numbered as paragraph 39).  The Defendant does not have sufficient knowledge upon which to base a belief as to the truth of the allegations of Paragraph 39 and therefore, demands strict proof thereof.

41. (Incorrectly numbered as paragraph 40)  The allegations of Paragraph 40 speak for themselves and therefore, no answer is made thereto.

WHEREFORE, the Defendant, CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation Sole, denies that the Plaintiff is entitled to a judgment in its favor.

### COUNT III—WILLFUL AND WANTON AND RECKLESS

42. (Incorrectly numbered as Paragraph 41).  There are no allegations in Paragraph 41 and therefore, no answer is made thereto.  The responses contained in all other paragraphs of this Answer are incorporated as if fully set forth herein.

43. (Incorrectly numbered as Paragraph 42).  The allegations of Paragraph 42 are denied in that the Church in no way authorized, recommended, ratified, or supported any of the claims alleged in Paragraph 42.

44. (Incorrectly numbered as Paragraph 43)  The allegations of Paragraph 43 are denied.

45. (Incorrectly numbered as Paragraph 44)  The allegations of Paragraph 44 are denied.

WHEREFORE, the Defendant, CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation Sole, denies that the Plaintiff is entitled to a judgment in its favor.

80189601v1 849750

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant did not owe Plaintiff any duty of care.

### THIRD AFFIRMATIVE DEFENSE

The injury or damages sustained by the Plaintiffs, if any, were caused solely by the negligence or culpable conduct of persons or entities other than the Defendant.

### FOURTH AFFIRMATIVE DEFENSE

No vicarious liability of any kind can be imposed upon the Defendant for any acts or omissions of Mark Thomas, Cheryl Thomas, or any other person.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint violates Amendments I, V, and XIV of the United States Constitution and Article I, Section 3 of the Constitution of the State of Illinois, and are therefore barred.

### SIXTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the Defendant in this action because the Plaintiffs' Complaint seeks interference by the Court with the internal ecclesiastical workings and disciplines of a religious body.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant, as a religious institution, exists solely for religious, charitable and educational purposes, and cannot be required to satisfy any judgment which plaintiff may obtain out of its own funds because the same are immune from execution under the common and statutory laws of the State of Illinois.

80189601v1 849750

**EIGHTH AFFIRMATIVE DEFENSE**

The Defendant reserves the right to assert all other affirmative defenses available under Rule 8 of the Federal Rules of Civil Procedure and under the applicable common law, provided evidence relating to any of these affirmative defenses arises during this action.

WHEREFORE, the Defendant, CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation Sole, denies that the Plaintiff is entitled to a judgment in its favor.

> CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A UTAH CORPORATION SOLE
>
> By: HINSHAW & CULBERTSON LLP
>
> s/Paul C. Estes
> Paul C. Estes
> Attorney for Defendant
> HINSHAW & CULBERTSON LLP
> 456 Fulton Street, Suite 298
> Peoria, IL 61602-1220
> Telephone: (309) 674-1025
> Fax: (309) 674-9328
> E-mail: pestes@hinshawlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on **April 25, 2005**, I electronically filed this **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Ralph D. Davis
JANSSEN LAW CENTER
333 Main Street
Peoria, IL  61602
309-676-2341  (phone)
309-676-7678  (fax)


   s/Paul C. Estes

Paul E. Estes
HINSHAW & CULBERTSON LLP
456 Fulton St., Suite 298
Peoria, IL  61602
309-674-1025

80189601v1 849750